**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MANUEL VICENTE ROS
HERNANDEZ; JESUS ELMER ROS
DELGADO; ANTONIO ANGEL ROS
DELGADO,

Petitioners,

v.

JAMES R. MCHENRY III, Acting Attorney
General,

Respondent.

No. 23-2388

Agency Nos.
A216-597-947
A216-597-948
A216-597-949

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2025[**]
San Diego, California

Before: WALLACE, McKEOWN, and OWENS, Circuit Judges.

Manuel Vicente Ros Hernandez, Jesus Elmer Ros Delgado, and Antonio

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Angel Ros Delgado, natives and citizens of Guatemala, petition for review of the decision of the Board of Immigration Appeals ("Board") affirming an immigration judge's denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the Board's legal conclusions de novo and the Board's factual findings for substantial evidence. *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). We deny the petition for review.

1.      Petitioners do not address the Board's dispositive determination that they failed to establish nexus to a protected ground. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Accordingly, petitioners' asylum and withholding of removal claims fail.

2.      Substantial evidence supports the Board's denial of CAT relief because petitioners failed to demonstrate that it is more likely than not that they will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) ("Generalized evidence of violence and crime is insufficient to establish a likelihood of torture.").

3.      The Board did not violate petitioners' due process rights by considering Jesus Elmer and Antonio Angel as derivative beneficiaries of Ros

Hernandez. The Board did not grant Ros Hernandez withholding or relief under the CAT, and Jesus Elmer's and Antonio Angel's applications included no separate evidence or arguments to support such relief. Thus, the Board's error in treating Jesus Elmer's and Antonio Angel's applications as derivative was harmless. *See Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010) (explaining that prejudice requires showing that the outcome of the proceedings may have been affected by the due process violation).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**